IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-113 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD MILLER; D.A. JOHN PECK; | ) | Chief District Judge Conti |
| CITY OF MONESSEN; POLICE CHIEF | ) | |
| OF MONESSEN; MAGISTRATE JOSEPH | ) | Magistrate Judge Lenihan |
| DEMARCHIS; KATHLEEN KANE; A.G. | ) | |
| SHECHAN BALCHON; and JOHN DOE | ) | |
| POLICE OFFICER, | ) | |
| | ) | ECF No. 31 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendants City of Monessen and Police Chief of Monessen (ECF No. 31) be denied.

### II. REPORT

Presently before the Court is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff, James Perry ("Plaintiff"), proceeding pro se, against the above-captioned Defendants. Defendants City of Monessen, and Police Chief of Monessen ("Monessen Defendants") move to dismiss the Amended Complaint (ECF No. 9) for failure to effectuate timely service of process as required by Federal Rule of Civil Procedure 4(m). (ECF No. 31.) For the reasons discussed below, the motion should be denied.

At the time of filing of the Amended Complaint on March 24, 2015, Plaintiff was a pre-trial detainee in the Westmoreland County Jail.[1] On June 18, 2015, the Court ordered the United States marshal to mail a copy of the Amended Complaint, notice of the lawsuit, and request for waiver of service of summons, and waiver to Defendants D.A. John Peck, and Magistrate Joseph R. Demarchis. (ECF No. 21.)

On May 13, 2015, Attorney Mark R. Hamilton filed his Notice of Appearance on behalf of the Monessen Defendants. (ECF No. 16.) Also, on May 13, 2015, Attorney Jeffrey T. Criswell filed his Notice of Appearance on behalf of the Monessen Defendants. (ECF No. 17.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> (m) **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). The law in this circuit is clear that a district court has wide discretion in deciding whether to extend time for service in the absence of a showing of good cause. *Petrucelli v. Bohringer and Ratzinger, GMBH,* 46 F.3d 1298, 1305 (3d Cir. 1995).

The Monessen Defendants contend that this Court must dismiss the Complaint because the 120-day period to effectuate service expired on July 22, 2015. As of the date of this report and recommendation, Plaintiff has failed to effectuate service of the Complaint on the Monessen Defendants. Plaintiff did not respond to the Motion.[2]

---

[1] The Monessen Defendants were not named parties in Plaintiff's original complaint.
[2] Plaintiff was ordered to file a response on August 19, 2015, August 27, 2015, and October 7, 2015 (ECF Nos. 38, 44, & 50.) No response has been filed.

2

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court must order that service be made by a "United States marshal or deputy marshal or by a person specially appointed by the court" because the Plaintiff is proceeding pro se pursuant to 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3).

Here, Plaintiff is proceeding pro se. Counsel for the Monessen Defendants entered their appearances a little over 1 and 1/2 months after the Amended Complaint was filed, and a little over 2 months before the expiration of the 120-day period. In an effort to conserve resources of the United States Marshals Service, the Court did not order the United States marshal to make service pursuant to Rule 4(c)(3), because other defendants, like the Monessen Defendants, entered their notices of appearance. (ECF Nos. 11, 25, 28, 29). Others, however, began defending the case on the merits. (ECF Nos. 22, 35, 39.) In light of this activity by the other defendants, the pro se Plaintiff may have concluded, erroneously, that service had been made solely by virtue of counsel entering their appearances.

Further, the Advisory Committee Notes offer the following factors that a district court may consider in determining whether a discretionary extension is warranted: 1) if the applicable statute of limitations would bar the refiled action; 2) if the defendant is evading service or concealing a defect in attempted service; and 3) if the plaintiff is appearing pro se—"The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment,[3] *discussed in, Petrucelli*, 46 F.3d at 1305-06.

Therefore, the Court should deny the Monessen Defendants' Motion to Dismiss (ECF No. 31) and order the United States marshal to take appropriate measures to effectuate service

---

[3] The Court will not conduct a good cause analysis because of the service requirements in Rule 4(c)(3) relating to the United States marshal and the overriding protections afforded pro se plaintiffs.

3

pursuant to Federal Rule of Civil Procedure 4. The Monessen Defendants are reminded of their "duty to avoid unnecessary expenses of serving the summons." *See* Fed. R. Civ. P. 4(d)(1)&(2).

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Motion to Dismiss filed by Defendants City of Monessen and Police Chief of Monessen (ECF No. 31) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 17, 2015　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　s/Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　　　　LISA PUPO LENIHAN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

cc:　All counsel of record
　　　Via electronic filing

　　　James Perry
　　　3495-13
　　　3000 S. Grande Blvd.
　　　Greensburg, PA 15601

4